**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 6700 Arrowhead Owners Association,<br><br>Plaintiff,<br><br>v.<br><br>State Farm Fire and Casualty Company, et al.,<br><br>Defendants. | No. CV-12-1677-PHX-DGC<br><br>**ORDER** |

On August 9, 2012, 6700 Arrowhead Owners Association ("Plaintiff") filed a motion to compel appraisal based on the appraisal provision in its contract with State Farm Fire and Casualty Company ("Defendant"). Doc. 5. Plaintiff also filed a motion to dismiss all fictitious parties named in the suit. Doc. 7. Defendant filed a response to the motion to compel appraisal (Doc. 18) and Plaintiff filed a reply (Doc. 19).[1] For the reasons that follow the court will grant the motion to compel appraisal with additional instructions, and grant the motion to dismiss all fictitious parties.

**I.   Factual Background.**

Plaintiff is a condominium owners association for residential condominiums located at 17100 North 67th Avenue in Glendale, Arizona. Its property contains seven buildings and six carports. On October 5, 2010, a particularly strong hailstorm damaged

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

the property and prompted Plaintiff's insurance claim. Defendant dispatched an adjuster to the property and determined that portions of the property sustained covered hail damage. Defendant paid Plaintiff $238,522.82 for the losses that it deemed covered. Doc. 18 at 7. That amount did not include compensation for damage to bitumen roofs on all of the buildings on the property or damage to the north and west exterior elevations of all the buildings because Defendant determined that damage to those areas did not result from the hailstorm and therefore was not covered by the policy. Doc. 18 at 9. Defendant also refused to cover a 5% management fee that Plaintiff allegedly owes to a third-party property manager for overseeing the general contractor. Doc 18 at 8. Unsatisfied with that determination, Plaintiff attempted to invoke the appraisal clause in the insurance contract. Doc. 18-3 at 2. Defendant expressed willingness to submit the uncontested portions of the claim for appraisal, but was unwilling to submit all of Plaintiff's claimed damages to an appraiser because it contested portions of the claim and believed submitting it would require the appraiser to go beyond the scope of the appraisal clause and make determinations about what damages were covered under the policy. Doc. 18-5 at 2 ("If the association is contesting the amount of the loss for the damages addressed in State Farm's repair estimate, please advise and we will immediately identify an appraiser. If, on the other hand, the association is disputing State Farm's coverage determination regarding the modified Bitumen roofs, the north and west exterior elevations and your company's 5% management fee, these items are simply not susceptible to resolution through appraisal."). Plaintiff asserted that all of the claimed damages should be submitted for appraisal, and so on July 5, 2012, Plaintiff filed this suit for breach of contract and breach of the covenant of good faith and fair dealing in Maricopa County Superior Court. Doc. 18-6 at 2; Doc. 1-1 at 4. Defendant removed the case to this Court on August 7, 2012. Doc. 1. Plaintiff now moves to compel appraisal under the contract and pursuant to 9 U.S.C. § 4.

**II.     Legal Standard.**

In Arizona, appraisal provisions are analogous to arbitration provisions and are

governed by arbitration principles. *See Meineke v. Twin City Fire Ins. Co.*, 892 P.2d 1365, 1369 (Ariz. App. 1994). The primary purpose of arbitration is to "obtain an inexpensive and speedy final disposition of the matter involved." *Gates v. Arizona Brewing Co.*, 95 P.2d 49, 50 (1939). A court is "very limited in its power to refuse a motion to compel arbitration." *Ori v. American Family Mutual Ins. Co.*, No. CV-2005-697-PHX-ROS, 2005 WL 3079044, at *2 (D. Ariz. Nov. 15, 2005) (referring to arbitration principles when ordering appraisal). Moreover, when considering whether or not to compel arbitration, any doubts concerning the scope of arbitrable issues are to be resolved in favor or arbitration. *Id*. at *4.

### III.   Discussion.

#### A.   Motion to compel appraisal.

Defendants contend that submitting the whole claim for appraisal will cause the appraiser to make determinations about the scope of coverage under the insurance policy rather than simply determining the amount of damage. This distinction is important, because in Arizona appraisers only determine the amount of damage and do not resolve questions of coverage. *Hanson v. Commercial Union Ins. Co.*, 723 P.2d 101, 104 (Ariz. App. 1986). Furthermore, in Arizona "an arbitrator cannot resolve issues which go beyond the scope of the submission agreement." *Clarke v. ASARCO Inc.*, 601 P.2d 587, 589 (Ariz. 1979).

In *Carbonneau v. American Family Mutual Ins. Co.*, No. 06-1853-PHX-DGC, 2006 WL 3257724 (D. Ariz. Nov. 9, 2006), this Court resolved a similar dispute, involving a nearly identical appraisal clause, in favor of appraisal. In that case, both parties agreed that the insurance company was required to fix storm damage, but their competing appraisals differed as to whether it was necessary to replace the entire roof to repair the damage. *Id*. Another District of Arizona case considered the same issues and similarly found in favor of appraisal when the parties could not agree about the repairs necessary to remove the smoke odor from a house after a fire. *Ori v. American Family Mutual Ins. Co.*, No. CV-2005-697-PHX-ROS, 2005 WL 3079044 (D. Ariz. Nov. 15,

2005).

This case differs from *Carbonneau* and *Ori* because the parties are not contesting the manner and cost of repair for undisputed claims, but rather whether some damage is actually a result of the hailstorm and, consequently, whether it is covered at all. Defendant has identified particular areas of the buildings which it maintains were not damaged by the hailstorm. The question of whether any damage to those areas is covered under the policy lies beyond the scope of the appraisal clause. Defendant is entitled to contest the scope of coverage in this Court, but should the additional damages be found within the scope of policy, the appraisal clause entitles Plaintiff to a determination of the amount of damages through an appraisal process.

Defendant suggests the solution of submitting all of Plaintiff's alleged damages for appraisal, while requiring the appraiser to itemize his report of damages such that Defendant will be able to challenge liability for the categories that it claims fall outside the scope of the policy. Plaintiff argues that this solution would "defeat the purpose" of appraisal because separate line items for disputed damages would make it easier for Defendant to litigate liability for those damages before a jury. Doc. 19 at 9. Plaintiff further argues that it "makes no sense to arbitrate the covered damages once before an appraisal panel, and then have to go back and re-argue the covered damages before a jury later." *Id*.

The Court agrees with Defendant's proposed solution. Should Defendant choose to litigate coverage issues after the appraisal – something it is entitled to do – an itemized appraisal preserves that option while still allowing Plaintiff to invoke its contractual right to an appraisal. This solution also accords with the case law's deference toward allowing the appraisal process to proceed.

### B. Motion to dismiss fictitious parties.

Plaintiff's motion to dismiss all fictitious parties is unopposed. The Court will dismiss John and Jane Does, I-X, ABC Corporations, I-X, and XYZ Partnerships I-X as Defendants.

**IT IS ORDERED:**

1. Plaintiff's motion to compel appraisal (Doc. 5) is **granted**. The appraisal shall value all of Plaintiff's alleged damages according to procedures outlined in the insurance policy, but the appraiser's opinion shall be itemized to preserve Defendant's ability to assert the coverage issues already raised by Defendant in the parties' communications.

2. Plaintiff's motion to dismiss all fictitious parties (Doc. 7) is **granted**.

Dated this 19th day of November, 2012.

_____
David G. Campbell
United States District Judge